

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2004

# Beatty v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4843

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Beatty v. Comm Social Security" (2004). *2004 Decisions.* Paper 234.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/234

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 03-4843

CHARLES EDWARD BEATTY,

Appellant

v.

JO ANNE B. BARNHART,
Commissioner of Social Security

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 03-cv-00690)
District Judge: Hon. Donetta W. Ambrose

Submitted Under Third Circuit LAR 34.1(a)
October 8, 2004

BEFORE: SLOVITER, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed   October 13, 2004  )

OPINION

COWEN, Circuit Judge.

Charles Edward Beatty appeals a final order of the District Court granting

summary judgment in favor of the Commissioner of Social Security (the

"Commissioner") on the issue of whether an Administrative Law Judge ("ALJ") properly denied disability insurance benefits under the Social Security Act, 42 U.S.C. § 401 et seq. (the "Act"). The District Court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. Because we agree with the District Court that the ALJ's decision was supported by substantial evidence, we will affirm.

We review de novo a district court's decision affirming a denial of benefits under the Act. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). We must uphold the denial if it is supported by substantial evidence, even if we would have decided differently as an original matter. Hartfranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Because we write for the benefit of the parties involved, we need not detail the extensive medical and procedural history of this case. The parties agree that the relevant time period at issue in this appeal is the period between July 14, 1994 and December 31, 1995.

As part of the inquiry in determining whether a claimant is entitled to disability insurance benefits, an ALJ must consider whether the claimant's disability prevents him from doing any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520; Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). An ALJ is required to consider all

the medical evidence and give some reason for discounting evidence that is rejected. Plummer, 186 F.3d at 429. When there is a conflict in the evidence, an ALJ may choose which evidence to credit but "cannot reject evidence for no reason or for the wrong reason." Id. (internal citation omitted). Beatty argues that the ALJ erred in his determination that he was capable of performing sedentary work with a sit and stand option because the ALJ failed to consider the medical opinions of one of his treating physicians, Dr. Kitsko. He further argues that the District Court erred in conducting its own evaluation of Dr. Kitsko's medical record evidence in determining that the ALJ did not so err. The Commissioner responds that Dr. Kitsko's opinions as to Beatty's residual functional capacity are essentially identical to those of Beatty's primary treating physician, Dr. Marquart, who opined that Beatty was able to perform sedentary work.

Upon review of the record, it is clear that none of the evidence from Dr. Kitsko is in conflict with the ALJ's discussion of the medical record. Dr. Kitsko originally opined that Beatty could perform sedentary work that provided for postural changes in his report dated July 14, 1994, only three days before the time period at issue commenced. Although Beatty seeks to disregard this evidence as falling outside the relevant time period, he has not identified any evidence in the record in which Dr. Kitsko opines differently as to his functional capacity. Contrary to Beatty's assertion, the October 3, 1995 job analysis report establishes that Dr. Kitsko believed him to be physically capable of performing the duties of gatekeeper at a construction site, an opinion identical to that

of his primary treating physician Dr. Marquart, which the ALJ discussed at length. Thus, there is no indication that the ALJ failed to consider the evidence submitted by Dr. Kitsko. We agree with the District Court that the ALJ's decision is supported by substantial evidence.

For the foregoing reasons, the judgment of the District Court entered on October 23, 2003, will be affirmed.